UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CECILIA C. PRESSLEY,

    Plaintiff,

v.                         Case No. 3:26cv124-TKW-HTC

UNITED STATES OF AMERICA,

    Defendant.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Cecilia Pressley, proceeding *pro se*, has filed a civil rights complaint against the United States of America, asserting claims based on a 2016 prosecution for battery in state court. After reviewing the complaint, the undersigned concludes this action should be DISMISSED without prejudice because it is frivolous. Thus, the motion to proceed *in forma pauperis* (Doc. 2) will be DENIED as moot.

**I.    Background**

In July 2016, Pressley was charged with battery in state court. *See* Escambia County Case No. 2016 MM 4084.[1] The following month, she pled no contest to the

---

[1] A court may take judicial notice of online state court dockets. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651-52 (11th Cir. 2020).

charge.² Nevertheless, in this action Pressley alleges: (1) the state court withheld evidence that was favorable to her defense and that "should have been presented at the time of the trial"; and (2) a police report indicates she was not present when the battery took place.³

Based on the foregoing, Pressley asserts violations of: (1) her due process rights under the Fourteenth Amendment; (2) her fair trial rights under the Sixth Amendment; and (3) her rights under *Brady v. Maryland*, 373 U.S. 83 (1963), which requires prosecutors to turn over exculpatory evidence to a defendant. As relief, she seeks damages for her "wrongful incarceration" on the battery charge.

## II.   Discussion

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234-35 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346,

---

² Under Florida law, Pressley's no contest plea qualifies as a conviction. *See* Fla. Stat. § 960.291(3) (a "conviction" includes a "nolo contendere plea by a defendant, regardless of adjudication of guilt").
³ The report indicates the police officer who interviewed the victim unsuccessfully attempted to contact Pressley. Nothing in the report suggests the officer concluded Pressley was not present at the time of the battery. Indeed, the officer "determined Pressley committed battery."

Case No. 3:26cv124-TKW-HTC

1349 (11th Cir. 2001); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (noting "a case is frivolous for section 1915(d) [now 28 U.S.C. § 1915(e)(2)(B)(i)] when it appears the plaintiff has little or no chance of success") (quotation marks and citation omitted).

Here, Pressley's complaint is frivolous for multiple reasons. First, the complaint wholly fails to comply with Fed. R. Civ. P. 8. It contains no allegations regarding the United States of America—the only named Defendant—and nothing indicates the federal government had anything to do with Pressley's prosecution in state court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Second, even if Pressley identified the state actors responsible for the conduct she complains of, her claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87. Thus, a plaintiff may not obtain damages under § 1983 if a judgment in her favor "would necessarily imply the invalidity of [her] conviction or sentence." *Id.* at 487.

Pressley claims she was denied a fair trial because individuals withheld exculpatory evidence that shows she did not commit the battery. These claims necessarily imply the invalidity of her battery conviction. *See id.* at 479, 490 (finding § 1983 action alleging prosecutors and investigator knowingly destroyed exculpatory evidence was barred because it constituted challenge to legality of still outstanding conviction); *Griffin v. Baltimore Police Dep't*, 804 F.3d 692, 695 (4th Cir. 2015) (a § 1983 action based on *Brady* claims may not proceed around the *Heck* bar); *Grider v. Cook*, 590 F. App'x 876, 881 n.8 (11th Cir. 2014) (noting plaintiff's request for damages "for violations of his rights to a fair trial, to represent himself, and to private counsel … implicate the validity of his conviction and are not appropriately brought under § 1983").

Third, even if *Heck* did not bar Pressley's claims, the claims would be subject to dismissal based on the four-year statute of limitations. *See Ellison v. Lester*, 275 F. App'x 900, 901-02 (11th Cir. 2008) ("[T]he four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida."); *see also Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011) (The statute of limitations on a § 1983 claim "begins to run when 'the facts which would support a cause of

action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'") (quoting *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)). The police report Pressley relies on was filed in July 2016, and the report references the photos of the victim Pressley alleges are exculpatory. *See State v. Pressley*, Escambia County Case No. 2016 MM 4084. Thus, Pressley should have been aware of any misconduct related to her prosecution in 2016, before she pled no contest to the charge, and any related claims are time-barred.

In sum, this is Pressley's third attempt to recover damages by challenging the validity of a 10-year-old conviction for battery in this Court.[4] And this attempt, like the prior two, is meritless. Thus, this case should be dismissed without prejudice as frivolous. *See Bilal*, 251 F.3d at 1350 ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered.").

Accordingly, it is ORDERED:

1. Pressley's motion to proceed *in forma pauperis* (Doc. 2) is DENIED as moot.

And it is RECOMMENDED:

---

[4] Pressley previously filed two actions in this Court which raised similar claims regarding exculpatory evidence and her 2016 battery conviction. The Court dismissed one action as barred by *Heck* (*Pressley v. Richardson*, N.D. Fla. Case No. 3:24cv522-MCR-HTC), and the other because the defendant had immunity (*Pressley v. First Judicial Circuit*, N.D. Fla. Case No. 3:25cv23-TKW-ZCB). If Pressley continues to file meritless lawsuits related to her 2016 prosecution, her ability to file cases in this Court may be restricted.

Case No. 3:26cv124-TKW-HTC

1. That Pressley's claims be DISMISSED without prejudice.[5]

2. That the clerk close the file.

At Pensacola, Florida, this 15th day of January, 2026.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

---

[5] *See Petersen v. Overstreet*, 819 F. App'x 778, 780 (11th Cir. 2020) (noting claims barred by *Heck* must be dismissed without prejudice because the claims do not accrue until the plaintiff's conviction is overturned).

Case No. 3:26cv124-TKW-HTC